Barbara L. HASSENFELD–RUTBERG
A/K/A Barbara L. Rutberg,
Plaintiff,

v.

UNITED STATES of America and Janice Lachance, Acting Director Of the Office of Personnel Management, Defendants.

No. Civ.A. 98–10752–JLT.

United States District Court,
D. Massachusetts.

Dec. 10, 1998.

**78**

Barbara L. Hassenfeld–Rutberg, plaintiff pro se.

Sharon, Carlene A. Pennell, Ferriter, Scobbo, Caruso & Rodophele, Boston, MA, for Barbara L. Hassenfeld–Rutberg aka Barbara L. Rutberg, plaintiffs.

Anita Johnson, United States Attorney's Office, Boston, MA, for USA, defendants.

## MEMORANDUM

TAURO, Chief Judge.

*1 Plaintiff, a former United States Administrative Law Judge, brings this claim against the U.S. Government and the Acting Director of the Office of Personnel Management for violation of 5 C.F.R. § 930.215 and arbitrary agency actions under Administrative Procedure Act and the Federal Tort Claims Act.

On October 28, 1998, this court issued an order denying Defendant's Motion to Dismiss and allowing Plaintiff's motion for certain preliminary injunctive relief. This opinion set forth the reasons for those orders, and the context in which they were issued.

## I.

## BACKGROUND

Plaintiff had been a United States Administrative Law Judge ("ALJ") since February 1978, Her assignments included serving as an ALJ in the Occupational Safety and Health Review Commission's ("OSHRC") Boston Regional Office, the Department of Health and Human Services, the Social Security Administration's

Office of Hearings and Appeals, and then again in OSHRC.

On February 15, 1996, Plaintiff was notified that she was to be terminated by a reduction-in-force ("RIF"). She was in fact terminated on April 30, 1996.

Pursuant to the Office of Personnel Management ("OPM") regulations, the OPM Office of Administrative Law Judges placed Plaintiff on its Priority Referral List ("PRL"). The purpose of the PRL is to give relocation priority to ALJs who have been subject to a RIF. 5 C.F.R. § 930.215(c)(5) provides that displaced ALJs remain on the PRL for two years and are given preference over ALJs seeking voluntary transfers to the same geographical location. Under 5 C.F.R. § 930.215(c)(5), OPM may not approve the transfer of another ALJ to the territory requested by the RIF'd ALJ, as long as the RIF'd ALJ remains on the PRL. Plaintiff's requested locations were Boston and Providence.

In September of 1996, Plaintiff's name was at the top of the PRL. On October 4, 1996, OPM erroneously approved two transfer requests by other ALJs to Boston and Providence, the locations specifically requested by Plaintiff.[1] There is no question that Plaintiff had priority over both transferees for each of those positions.

OPM concedes its error. It does not attempt to justify its action as excusable or discretionary. Indeed, after discovering its error, OPM claims that it tried to stop the transfers but could not because the ALJs had already accepted the offers of employment. In an attempt to provide an alternative for Plaintiff, OPM informed her that her name would remain on the PRL for an extra six months, until October 31, 1998. This remedial effort appears to have been ad hoc, as there is no provision for such an approach in OP *Examining Systems Handbook.*

---

1. One ALJ was transferred from the Department of Labor in Boston to the Social Security Administration in Boston. The other was transferred from the Social Security Administration in Shreveport, Louisiana to the Social Security Administration in Providence.

## II.

### ANALYSIS

A. *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

The Government argues that the Civil Service Reform Act ("CSRA") deprives this court of subject matter jurisdiction. The government's argument misreads both this court's duty under the Administrative Procedure Act ("APA"), and the First Circuit's guidance on CSRA.

■ *2 This court has original subject matter jurisdiction pursuant to section 704 of the APA which provides for judicial review of a "final agency action" which has no other adequate remedy in a court. 5 U.S.C § 704; *see also Taydus v. Cisneros* 902 F.Supp. 278, 284 (D.Mass.1995) (holding that "the presumptive entitlement to judicial review under the APA 'applies not only to agency action made reviewable by statute, but also to any other final agency action for which there is no other adequate remedy in a court'") (quoting *NAACP v. Secretary of Hous. & Urban Dev.*, 817 F.2d 149, 152 (1st Cir.1987)).

■ An agency action is deemed "final" and reviewable under the APA when the agency completes its decision-making process and the result of that process is one that will directly affect the parties. *See Franklin v. Massachusetts* 505 U.S. 788, 797, 112 S.Ct. 2767, 120 L.Ed.2d 636 (1992). OPM's violation of C.F.R. § 930.215(c)(5), as well as its questionable approach to remedying its error are final agency actions under this definition.

■ Section 706 of the APA requires a reviewing court to set aside an agency action found to be "arbitrary, capricious, an abuse of discretion *or otherwise not in accordance with law*" or an action found to be "without observance of procedure required by law." 5 U.S.C. § 706(2)(A) & (D) (emphasis added). The Supreme Court has repeatedly held that a valid federal regulation is binding to the same

extent as a statute, therefore, an "agency's failure to follow its own regulations can be challenged under the APA." *Webster v. Doe,* 486 U.S. 592, 602 n. 7, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988) *see also Service v. Dulles,* 354 U.S. 363, 387, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957) (federal courts may review agency action to ensure its own regulations have been followed).

■ In this case, OPM's failure to assign Plaintiff to one of the two admittedly available positions was a violation of its own regulation, reviewable under APA Section 704 and the Supreme Court precedents of *Webster* and *Service.* *See* 5 U.S.C. § 704; 486 U.S. at 602 n. 7, 108 S.Ct. 2047, 354 U.S. at 387, 77 S.Ct. 1152. Furthermore, OPM's subsequent make-shift remedy of allowing Plaintiff a six months extension on the PRL constitutes an arbitrary and capricious "final agency action." *See* 5 U.S.C §§ 704 & 706(2)(A) & (D). This court, therefore, has subject matter jurisdiction to review OPM's actions in this case.

■ It is true that *when CSRA is being applied* to a federal employment dispute, the Merit Systems Protection Board (MSPB) and the Federal Circuit have exclusive jurisdiction. *See United States v. Fausto,* 484 U.S. 439, 455, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988) (suit to recover back pay owed as a result of termination is governed by CSRA); *Roth v. United States,* 952 F.2d 611, 614 (1st Cir.1991) (CSRA preempted former FAA employee's state law claim for slander) *Montplaisir v. Leighton,* 875 F.2d 1, 3 (1st Cir.1989) (CSRA precluded action by former air controllers suing Union attorney whose advise to stage a strike caused them to lose their jobs). But, these cases all arose out of personnel actions taken by federal agencies which were the employers of the allegedly aggrieved employees. The case at bar is markedly different. Plaintiff does not challenge her termination in this

court.[2] Rather, she is suing a federal agency, which was never her employer, for violating its own regulation that had been designed to protect Plaintiff and those in a similar situation. As such, this case falls within the ambit *Dugan v. Ramsay* 727 F.2d 192 (1st Cir.1984).

*3 The plaintiff *Dugan* like Plaintiff here, sought a position as an ALJ. OPM viewed Dugan as unqualified and, therefore, refused to process his application. In reaching that decision, OPM interpreted its own regulation, requiring two years of trial experience, to mean work done on cases that were actually tried, as opposed to settled. Dugan argued that OPM's interpretation of the regulation, and the rejection of his application, was reviewable under the APA. Then–Circuit Judge Breyer agreed and held that OPM's interpretation of its own regulation was arbitrary, capricious, and an abuse of discretion under APA § 706(2)(A). The court held that although CSRA provided for exclusive review of most personnel actions through the MSPB, it did not preclude district court review of the type of unlawful final agency action that occurred in *Dugan. Id.*

As in *Dugan* Plaintiff here had no employment relationship with OPM, and is merely suing OPM for violating an administrative regulation. CSRA, therefore, does not prevent Plaintiff from bringing her APA claims before this court against OPM. It is "implausible to believe that Congress wished to withdraw court review of even egregious agency behavior in the area—even if, for example, an agency were to discard applications as a result of bribery or the roll of dice. We therefore

reject it." 727 F.2d at 195. OPM's blatant violation of its regulation in this case, which it freely concedes, constitutes a more egregious agency action than the abuse of discretion in *Dugan.*

It is noteworthy as well that OPM did not notify Plaintiff of her appeal rights to the MSPB, as is required under 5 C.F.R. § 1201.21, even though Plaintiff had corresponded numerous times with agents of OPM and the then Director of OPM, seeking to change OPM's decisions.[3] This failure to advise suggests that OPM did not then view the dispute to be within the ambit of CSRA. If OPM is correct that Plaintiff's only channel of relief is MSPB, it would have and should have complied with 5 C.F.R. § 1201.21's notice requirement. Instead, it argued preclusion on the eve of the expiration of Plaintiff's priority status, when it might well have been too late for Plaintiff to seek relief from MSPB.[4]

This court concludes that under *Dugan,* this court does have subject matter jurisdiction under the APA to review the OPM actions challenged here.

Plaintiff, however, has failed to make out a claim under the Federal Tort Claims Act. Congress authorized suits under FTCA only in "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Because Plaintiff claims that OPM negligently failed to comply with federal regulations, the United States would not have any liabilities as a "private person". *See*

---

2. Plaintiff has correctly petitioned her termination claim through the channels provided by the CSRA. It is currently on appeal to the Federal Circuit.

3. OPM responded to Plaintiff's inquiries in a letter dated November 8, 1996, "[o]ur policies and procedures in those actions stand," with no mention of Plaintiff's appeal rights.

4. If Plaintiff had been removed from the PRL on October 31, 1998 when her status expired,

she might have, once again, missed an employment opportunity in the geographic location for which she requested. Furthermore, OPM had proposed an amendment to 5 C.F.R. § 930.215(c)(5), which would have largely circumvented the protection it currently affords RIF'd ALJs such as Plaintiff. Even if she was later reinstated to the PR her chances of obtaining another appointment would have become much more difficult.

*Sea Air Shuttle Corp. v. U.S.*, 112 F.3d 532, 536–37 (1st Cir.1997) (FTCA does not apply where the claimed negligence arises out of the failure of the United States to carry out a federal statutory duty in conducting its own affairs).

## B. *Motion for Preliminary Injunctions*

■ *4 After careful consideration of the issues, the court issued an order on October 28, 1998 enjoining OPM from (1) removing Plaintiff's name from the PRL until she is reassigned a position in Boston or Providence, or until the resolution of this case; and (2) from transferring any ALJs into Boston and Providence until Plaintiff has been reassigned, or until conclusion of this case.[5]

■ Plaintiff must have satisfied a four-part test for this court to have properly granted her requested injunctive relief: (1) likelihood of success, (2) irreparable harm, (3) relative hardships, and (4) public interest. *See Massachusetts Coalition of Citizens v. Civil Defense Agency* 649 F.2d 71, 74 (1st Cir.1981); 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane *Federal Practice and Procedure* § 2948 (2d ed.1995).

### 1. *Likelihood of Success*

■ As previously discussed, Plaintiff's grievances are redressable under the APA. Supreme Court cases leave no doubt that an agency's violation of its own regulations can be challenged under Section 706(2). *See Webster v. Doe*, 486 U.S. 592, 602 n. 7, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988) (agency's failure to follow its own regulations was challenged under the APA) *Service v. Dulles* 354 U.S. 363, 387, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957) (federal courts may review agency action to ensure its own regulations have been followed).

OPM has admitted its violation of 5 C.F.R. § 930.215(c)(5). This fact is not in dispute. Plaintiff's likelihood of success on the merits on this issue is not in question.

### 2. *Irreparable Harm*

Plaintiff would have been removed from the PRL on October 31, 1998, if this court had not enjoined OPM from doing so. If Plaintiff had been removed from the PRL, and was later reinstated at the conclusion of her lawsuit, she might have been deprived of opportunities that arose in the interim. As it is impossible to predict when or if another opening will arise, Plaintiff is faced with irreparable harm.

### 3. *Relative Hardships*

Allowing these injunctions does not create significant hardships for OPM. OPM is not harmed or inconvenienced by having Plaintiff on its PRL. She is simply another highly qualified and experienced ALJ waiting to be placed. As well, an injunction preventing someone other than Plaintiff from being transferred to Boston or Providence does not impose hardship on OPM. Under OPM's regulations, Plaintiff already has priority for any such vacancy that occurs.

### 4. *Public Interest*

Public interest favors issuing injunctions to effectively remedy administrative errors.

## III.

## CONCLUSION

This court has jurisdiction to review final agency actions in violation of Section 706 of the Administrative Procedure Act. OPM's two erroneous approvals of transfer in 1996 and its makeshift remedy constitute such final agency actions. The Civil Service Reform Act, as comprehensive as

---

**5.** Plaintiff also sought to enjoin OPM from amending 5 C.F.R. § 930.215(c)(5), the regulation which protects the priority status of Administrative Law Judges in Plaintiff's situation. Because OPM has agreed not to amend the regulation pending outcome of this case, this request is now moot.

it is, does not preclude this court's jurisdiction in this particular case. Under all the circumstances involved here, Plaintiff was entitled to the injunctive relief she requested.

### ORDER

*5 The court hereby orders as follows:

1. Defendant's Motion to Dismiss (# 8) is DENIED;

2. Plaintiff's Motion for a Preliminary Injunction (# 2) is ALLOWED as described in Paragraph 3;

3. Defendant is hereby enjoined from:

1. Removing Plaintiff's name from the Administrative Law Judges' Priority Referrals List pending resolution of this case; and

2. Approving any transfer of Administrative Law Judges to Boston or Providence.

4. A memorandum will issue.

IT IS SO ORDERED.